SARTAIN, Judge.
Defendant Beard Engineering, Inc. appeals from a judgment which ordered it to pay plaintiff, George W. Robert, $1,433.00. Plaintiff was employed by defendant from *796 1972 to 1975. In April of 1975 the company was experiencing cash flow problems. Harold J. Beard, the president and an eighty percent stockholder in the company, decided upon a plan to help the company out of its difficulties. He and the other directors-employees would take a salary reduction which would remain in effect until the company had regained its financial position. The reduction was agreed to by the directors at a board meeting in early April of 1975. Robert, as a director, agreed to the reduction in his salary although he was not pleased with it.
The salary reduction remained in effect from April 7, 1975 to August 31, 1975. Robert’s salary, which had been $1700.00 per month prior to April, was reduced to $1400.00 per month for this period. Then effective September 1, 1975, his salary was increased to $2000.00 per month. Plaintiff resigned his position with the company on September 29, 1975.
Plaintiff contends that under the oral agreement reached at the April board meeting he along with the other directors were to be reimbursed their salary reductions for the slightly under five month period if the business became sound. There being no dispute that the business was financially sound as of September 1, 1975, but the defendant having refused to pay him, plaintiff brought this action for his salary loss.
The trial court concluded that Robert’s assertions were borne out by the evidence and therefore held in his favor. The defendant argues that the trial court’s determination of facts leading to its conclusion that there was an oral agreement was manifestly erroneous. We, however, find that the conclusion that the reduction was to be repaid if the business improved is supported by the evidence. Plaintiff testified that Beard stated at the meeting that the reduction “would be taken care of” at the end of the fiscal year in the probable form of a bonus. Donny Gill, another director, testified that Beard stated that the reduction would be made up before the end of the year. His impression was that if the company got on a sound financial footing they would be paid. Mr. Beard himself testified twice that if the company got back on its feet the reductions would be repaid to the directors. Only Raleigh Cox, who was also a director, testified that there was no promise to repay. Even if he believed that the repayment would probably be made. Cox is an extremely loyal employee of Beard; at one point he testified he would have worked for nothing. His testimony is not strong enough to override the other evidence.
In view of the testimony found in the record, we have had a difficult time discovering the basis for the defendant’s argument of manifest error. Beard Engineering seems to place great reliance on statements by Donny Gill that he did not believe that he had an enforceable agreement for the return of the salary reduction. But Gill’s opinion cannot affect our decision. It is for the court to determine the enforceability of an agreement. Simply because Gill believed the agreement to be unenforceable and chose not to attempt its enforcement cannot affect Robert’s right to his pay under the agreement.
We find no error in the trial court’s determination of the agreement entered into between the parties.
Defendant also urges that even if there were an agreement it included an implied condition that plaintiff remain in the company’s employ for a reasonable time after its financial condition improved. If he had done so, he would have been compensated for his loss through his increased salary which began September 1. However, defendant makes no reference to any statement in the record to substantiate such an implied condition. After a careful review of the record, we have also been unable to discover any such evidence.
Finally, defendant urges that in any event he should receive a credit on his obligation for $300.00, the September salary increase. Beard testified that it was his intent to make up the reduction in this way. If the payment were made as partial repayment it should be so credited. However, Beard further testified that he never communicated his intention for the allocation of *797 the salary to Robert or the other directors. Other testimony of Beard indicates that the increase in salary was based on merit. There is no indication that the increase raised Robert’s salary to a figure higher than his services were worth. We therefore find nothing manifestly erroneous in the view of the trial court that the increase in salary was just that and not a repayment on the salary loss.
For the reasons assigned, we affirm the holding of the lower court at appellant’s cost.
AFFIRMED.